UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING CO., LTD and PANGANG GROUP CHONGQING TITANIUM INDUSTRY CO., LTD., <br><br> Petitioners, <br><br> -against- <br><br> PETRO-CHEM DEVELOPMENT CO., INC. <br><br> Respondent. | Case No. 15-cv-9586 |

**PETITIONERS PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING CO., LTD. AND PANGANG GROUP CHONGQING TITANIUM INDUSTRY CO., LTD.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR PETITION TO CONFIRM <u>THE AWARD</u>**

OBERDIER RESSMEYER LLP
Carl W. Oberdier
Kellen G. Ressmeyer
655 Third Avenue, 28th Floor
New York, New York 10017
(212) 659-5141

*Counsel for Petitioners*

Petitioners Pangang Group International Economic & Trading Co., Ltd., and Pangang Group Chongqing Titanium Industry Co., Ltd. (the "**Petitioners**" or "**Pangang**"), by their attorneys, Oberdier Ressmeyer LLP, submit this Memorandum of Law In Support Of Their Petition To Confirm The Final Award in *The Matter Of An Arbitration Under The Rules Of Arbitration Of The Int'l Chamber Of Commerce Between Petro-Chem Dev. Co., Inc. (U.S.A.) And Pangang Gp. Int'l Economic & Trading Co., Ltd. (China P.R.), And Pangang Gp. Chonqing Titanium Indus. Co. Ltd. (China P.R.)*, Case No. 19675/GFG (the "**Award**").

## STATEMENT OF FACTS

The facts are set out in Pangang's Petition to Confirm the Final Award, dated December 7, 2015 (the "**Petition**"), and the Declaration of Carl W. Oberdier, sworn to December 7, 2015 (the "**Oberdier Dec**.").

## THE AWARD SHOULD BE CONFIRMED

**I.    THIS COURT HAS JURISDICTION TO ENFORCE THE AWARD**

This Court has original jurisdiction over this enforcement proceeding.  The Award falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, 330 U.N.T.S. 38 (June 10, 1958) (the "**New York Convention**") because it arises out of a commercial relationship involving foreign parties from signatory nations.  *See* Federal Arbitration Act ("**FAA**"), 9 U.S.C. § 202.  The Award was rendered in an arbitration held in Sweden between two Chinese limited liability companies (Petitioners) and a Delaware corporation, Petro-Chem Development Co., Ltd. ("**Petro-Chem**" or the "**Respondent**").  *See* Pet. ¶¶ 1, 3-5, Oberdier Dec. & Ex. A (the "**Award**").  The United States, Sweden, and the People's Republic of China are all signatories to the New York Convention, which provides:

> An action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States.  The district courts of the United States (including the courts enumerated in section 460 of title

28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

*See* FAA, 9 U.S.C. § 203.

**II.**   The Award Must Be Enforced

Under the New York Convention, judicial review of foreign arbitral awards is "strictly limited." *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997). Courts lack discretion to withhold confirmation of a foreign arbitral award, except upon Respondent's showing that it falls within one of the narrow exceptions set forth in Article V of the New York Convention. *See id.* at 20 ("Article V [of the New York Convention] provides the exclusive grounds for refusing confirmation under the Convention.").

Respondent cannot satisfy its burden of proof that the Award falls into any of the exceptions set forth in Article V. *See* FAA, 9 U.S.C. § 207 ("The court **shall** confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the [A]ward . . . ." (emphasis added)). *See also Marker Volkl (Int'l) GmbH v. Epic Sports Int'l, Inc.*, 965 F. Supp. 2d 308, 310 (S.D.N.Y. 2013) ("[C]onfirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." (citation omitted)). Accordingly, Petitioners are entitled to confirmation of the Award and the entry of Judgment in their favor.

**III.**   P<span>ETITIONERS</span> A<span>RE</span> E<span>NTITLED</span> T<span>O</span> R<span>ECOVER</span> T<span>HEIR</span> A<span>TTORNEYS'</span> F<span>EES</span>

For nearly a year, Petro-Chem has failed to comply with the Award's mandate to reimburse Petitioners for their arbitration fees and expenses, pursuant to two commercial contracts. *Compare* Pet. ¶¶ 37, 40 *with Zurich Am. Ins. Co. v. Team Tankers A.S.,* No. 13-cv-8404, 2014 WL 2945803, at *11 (S.D.N.Y. June 30, 2014) (awarding attorneys' fees on motion to confirm arbitral award where arbitration clause stated arbitral costs and attorneys' fees would

be borne by losing party). Petro-Chem can offer no justified basis for its non-compliance with the Award's mandate. As a result, Pangang is entitled to recover the fees and expenses incurred in enforcing the Award. *See, e.g., Celsus Shipholding Corp. v. Manunggal*, No. 06-cv-13598, 2008 WL 474148, at * 2 (S.D.N.Y. Feb. 21, 2008).

### PETITIONERS' REQUEST FOR STATUTORY INTEREST IS WARRANTED

An award of prejudgment and post-judgment interest on the Award are "presumed to be appropriate." *In Matter of Arbitration Between P.M.I. Trading Ltd. v. Farstad Oil, Inc.*, No. 00 CIV. 7120 (RLC), 2001 WL 38282, at *3 (S.D.N.Y. Jan. 16, 2001) (citing *Waterside Ocean Nav. v. Int'l Nav. Ltd.*, 737 F.2d 150, 153-54 (2d Cir. 1984)). Accordingly, Petitioners respectfully request an Order awarding Pangang prejudgment interest from the date of the Award, calculated at the statutory rate, and post-judgment interest from the date of judgment, calculated at the federal rate.

### CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court grant the relief requested in the Petition.

Dated: December 7, 2015
New York, New York

OBERDIER RESSMEYER LLP

By: /s/ Carl W. Oberdier
Carl W. Oberdier
Kellen G. Ressmeyer
655 Third Avenue, 28th Floor
New York, New York 10017
Tel: (212) 659-5141
Fax: (646) 349-4925

*Attorneys for Petitioners*